UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT HOUSING COMMISSION,
et. al,

       Plaintiffs,                     CASE NO. 10-CV-14101

v.                                     PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

JAMES COLE, JR.,

       Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This case arises out of Plaintiff Detroit Housing Commission's eviction of Defendant James Cole.[1] Plaintiffs filed a Complaint for Termination of Tenancy in state court on October 1, 2010. Defendant filed a "Motion for Removal and Joiner [sic] of Case" on October 12, 2010. (Dkt. No. 1). Plaintiffs filed an Amended Motion to Remand to State Court[2] on January 20, 2011. (Dkt. No. 8). Defendant did not file a response, which was due by February 25, 2011. Defendant did not appear at the hearing on this matter, which was held a hearing on April 27, 2011. For the reasons stated below, the Court will grant Plaintiffs' motion.

---

[1] In his numerous pleadings, Mr. Cole's captions use the following terms: "Defendant in Error" for Mr. Cole and "Plaintiff" for the Detroit Housing Commission, et al. (Dkt. Nos. 1 and 2); "Petitioners and Cross Plaintiff" for Mr. Cole and "Respondent" for the Detroit Housing Commission, et al. (Dkt. Nos. 4 and 5); and "Plaintiffs" for the Detroit Housing Commission, et al., and "Defendant" for Mr. Cole (Dkt. No. 6). Based on the state court action, however, it appears the correct caption should read "Plaintiffs" for the Detroit Housing Commission and "Defendant" for Mr. Cole.

[2] Plaintiffs originally filed a Motion to Remand on January 20, 2011 (Dkt. No. 8), but later filed the instant Amended Motion, which more fully complies with E.D. Mich. LR 7.1.

1

# I. BACKGROUND

The Complaint in this case was originally filed in the 36th District Court in Wayne County, Michigan. The Complaint states that it is for a termination of tenancy. (Pls.' Br. Ex. 1 - State Court Complaint). The Complaint further states: "The rule or law under which the tenancy is ended is MICHIGAN PUBLIC ACT 267 OF 1968/AMENDED/MCLA 125.694(a)."[3] (Compl. ¶ 5). This provision provides as follows:

> (1) No tenancy or contract right to occupy housing in a project or facilities operated by any city, village, township, or other unit of local government, as provided by this act, shall be terminated by the project management or the local housing commission except for just cause.
>
> (2) Just cause to terminate a tenancy or contract right to occupy housing includes, but is not limited to 1 or more of the following:
>
> (a) A failure to comply with the obligations of the lease or the lawful rules and regulations of the housing commission.
>
> (b) The use of a unit for any unlawful purpose, including any purpose for which the commission is entitled to recover possession of the premises by summary proceedings under section 5714(1)(b) of the revised judicature act of 1961, Act No. 236 of the Public Acts of 1961, being section 600.5714 of the Michigan Compiled Laws.
>
> (c) The maintenance of any unsafe, unsanitary, or unhealthful condition in any dwelling unit or in any of the common areas.

There is no allegation indicating Defendant's domicile is anywhere other than Michigan.

# II. ANALYSIS

---

[3]The Complaint misidentifies the relevant law as MCL 125.694(a). The correct provision, as noted in Plaintiffs' brief at page 7, is MCL 125.694a.

A defendant in a state court civil action may remove the case to federal district court as provided under 28 U.S.C. § 1441. "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citations omitted).

Defendant's Motion for Removal states:

> Now, Comes, United States, ex rel. James Cole, Jr., et al, and state that Whenever the United States proceeds as party plaintiff, an Article III constitutional court, exercising the judicial power of the United States, is a prerequisite under 3:2:1 (The judicial Power shall extend ... to Controversies to which the United States shall be a Party. See 28 U.S.C. 1345 (United Sates as plaintiff). [sic]

(Def.'s Mot. ¶ 1). Defendant's basis for jurisdiction is that the United States is a party to this case, or more specifically, that the United States is bringing the case by relation of James Cole. It is clear, however, that the United States did not actually commence this action. Defendant's basis for jurisdiction is therefore inadequate, and like the remaining 30 pages of his Motion for Removal along with his five other filings in this case, does not appear to establish federal court jurisdiction.

The Court further finds no other basis for jurisdiction in this case.

Where, as here, a defendant is a citizen of Michigan, removal to this District cannot be based on diversity of citizenship. *See* 28 U.S.C. § 1441(b).

Removal also cannot be based on federal question jurisdiction. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, --- U.S. ----, ----, 129 S. Ct. 1262, 1272 (2009) (citation and punctuation omitted). The Complaint in this case is based wholly on state law. Although Defendant raises a number of federal

counterclaims,[4] subject matter jurisdiction cannot be based on these claims. *See id.* ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").

Without a viable basis for subject matter jurisdiction, the Court must dismiss this action and remand to state court. *See* Fed. R. Civ. P. 12(h)(3).

### III.  CONCLUSION

For the reasons stated above, the Court should:

(1) Grant Plaintiffs' Amended Motion for Remand to 36th District Court in Wayne County, and

(2) Dismiss the action for lack of subject matter jurisdiction.

**SO ORDERED**.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  April 28, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 28, 2011.

S/Denise Goodine  
Case Manager

---

[4] While Defendant attempts to formulate counterclaims against several parties, including Detroit Mayor Dave Bing and all judges sitting on the 36th District Court, the Court notes that none of these parties appear to have been served.