**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DETROIT HOUSING COMMISSION,
et. al,

        Plaintiffs,                      CASE NO. 10-CV-14101

v.                                 PAUL D. BORMAN
                                 UNITED STATES DISTRICT JUDGE

JAMES COLE, JR.,

        Defendant.

_____/

**ORDER (1) DENYING DEFENDANT'S MOTION TO VACATE ORDER TO REMAND**
**AND (2) DENYING DEFENDANT'S EX PARTE MOTION FOR SUPERINTENDING**
**CONTROL, ORDER TO SHOW CAUSE, AND TEMPORARY RESTRAINING ORDER**
**(Dkt. No. 13)**

On April 28, 2011, the Court issued an Order remanding this case to the 36th District Court in Wayne County.  (Dkt. No. 11.)  On May 9, 2011, Defendant Cole filed a Motion and Declaration to Vacate Order to Remand in the instant case against the Detroit Housing Commission, et al., but he used the wrong case number, 10-13059, which is a case he had before U.S. District Judge Denise Page Hood, *Cole v. Bing, et al.*  (*Cole v. Bing, et al.*, No. 10-13059, Dkt. No. 24.)  Judge Hood did not order a remand in *Cole v. Bing, et al.*; rather, she granted the defendants' motion to dismiss in an Opinion and Order issued on October 29, 2010.  (*Cole v. Bing, et al.*, No. 10-13059, Dkt. No. 13.)  Although Defendant Cole mistakenly placed the wrong case number in the caption of his motion, the Court will, nevertheless, consider the merits of Defendant's Motion *infra*, since it clearly relates to this case.

1

The Court construes Defendant's Motion to Vacate Order to Remand as a motion to reconsider pursuant to E.D. Mich. LR 7.1(h)(3).  This rule provides as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp.2d 714, 718 (E.D. Mich.2001).

Defendant Cole asserts that he did not receive a notice to respond or appear at the hearing on Plaintiffs' Motion to Remand.  However, the docket reflects that Defendant received notice on January 27, 2011.  (Dkt. No. 10.)  Moreover, Defendant Cole has failed to show that his appearance at the hearing would have resulted in a different disposition of the case.  Defendant Cole has failed to indicate any palpable defects in the Court's Order to Remand.  Accordingly, even if Defendant Cole had filed his motion with the proper case number, it would be denied.

On May 13, 2011, Defendant Cole filed an 81-page document entitled "Ex Parte Motion for Superintending Control; Order to Show Cause; and Temporary Restraining Order."  (Dkt. No. 13.) Because this case has been remanded, the Court denies Defendant's Motion for lack of jurisdiction. *See* Order Granting Motion to Remand (Dkt. No. 11).

The Court also notes that Defendant Cole, acting *pro se*, has filed numerous pleadings in the instant case and in *Cole v. Bing, et al*, despite the fact that both cases have been closed.  Continued filings by Defendant Cole will be viewed by this Court as vexatious and an abuse of the judicial process.  *See* 28 U.S.C. § 1651; *Heritage Hills Fellowship v. Plouff*, 555 F. Supp. 1290, 1298 (E.D.

Mich. 1983) (discussing the power of federal courts to permanently enjoin the filing of harassing lawsuits).

For the reasons stated above, the Court will (1) Deny Defendant's Motion to Vacate Order to Remand, and (2) Deny Defendant's Ex Parte Motion for Superintending Control; Order to Show Cause; and Temporary Restraining Order.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 3, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and upon:

**James Cole**
1331 E. Canfield Street
Apt 614
Detroit, MI 48207

by U.S. Mail on June 3, 2011.

S/Denise Goodine
Case Manager